IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FELICIA SANDOVAL,**

    **Plaintiff,**

vs.                                                    No. 07-CV-545 BRB/ACT

**SUNSHINE BUICK PONTIAC GMC
TRUCK, INC., and KEVIN CANNON**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on referral from the Honorable Bobby R. Baldock [Doc. No. 27] on Plaintiff's Motion for Attorneys' Fees and Costs and Memorandum in Support [Doc. Nos. 11 and 12]. Both Defendant Cannon and Defendant Sunshine filed responses with attachments and Plaintiff replied. [Doc. Nos. 15, 19 and 20]. The undersigned, having reviewed the motion, memorandum in support, responses, accompanying exhibits, reply and the relevant law, recommends that Plaintiff's Motion for Attorneys Fees and Costs be GRANTED IN PART AND DENIED IN PART.

PR0POSED FINDINGS

Proceedings and Pleading

1. On April 4, 2005, Plaintiff Felicia Sandoval bought a new car from Defendant Sunshine Buick GMC Truck, Inc. Defendant Kevin Cannon was the manager at Sunshine. Before the car was delivered to Sandoval, it was damaged. The parties dispute what Sandoval was told about the damages and what transpired thereafter among the parties.

2. After being unable to resolve her dispute with Sunshine, Sandoval filed suit against Sunshine and Cannon. The lawsuit was originally filed on September 5, 2005, in the First Judicial District Court, County of Santa Fe, State of New Mexico, and included claims for fraud, breach of contract, breach of

the implied covenant of good faith and fair dealing, and violation of the UPA. Plaintiff amended her Complaint on May 11, 2007, adding a claim for violation of the Credit Repair Organization Act. On June 1, 2007, Sunshine removed this matter to the U.S. District Court for the District of New Mexico. Shortly thereafter a settlement conference was held.

3. At the settlement conference, the issue of attorney fees and costs created a substantial challenge to settlement. The parties eventually agreed that Plaintiff would receive $30,000 to settle her claims and that her attorneys would then petition the Court for attorney fees and costs.

4. Plaintiff was represented by Gallagher, Casados & Mann, P.C. (Nathan H. Mann and Harriett J. Hickman), a local Albuquerque law firm, and Lyons and Farrar, P.A. (Douglas S. Lyons), a firm based out of Tallahassee, Florida. Gallagher, Casados & Mann, P.C., seek attorney fees of $77,985.00, and costs and expenses of $6,784.27. Lyons and Farrar, P.A., seek attorney fees of $39,864.00, and costs and expenses of $289.28. The total attorney fees and costs requested by the two firms is $124,922.55.

5. Defendants argue that the fees requested are unreasonable and have asked the Court to either deny the requests or limit the award to a reasonable amount as proven by Plaintiff's attorneys.

## DISCUSSION

6. The starting point for determining the appropriate amount of attorney fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Hensley v. Eckert,* 461 U.S. 424, 433 (1983). The resulting figure is the "lodestar." *Case v. Unified School Dist.,* 157 F.3d 1243, 1249 (10th Cir. 1998). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

7. There are two elements to the reasonableness inquiry: first, has the attorney exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application; and

second, is the fee award reasonable in light of the success obtained. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). "'[A] reasonable attorney's fee' is one that is 'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.'" *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (quoting S.Rep. No. 94-1011, at 6 (1976)). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case v. Unified School Dist.,* 157 F.3d 1243,1249 (10th Cir. 1998).

8. Nathan H. Mann, of Gallagher, Casados & Mann, P.C. ("GCM"), has 33 years of experience with the majority of his work in the area of civil litigation. His fee for "paying general hourly clients" is $200.00 per hour. However, he argues that because this case was handled on a contingency basis, his rate should be $250.00. Defendants argue that the reasonable hourly rate for which Mr. Man should be paid is what he normally and customarily charges. The Court finds $200.00 an hour to be reasonable in this community for Mr. Mann's level of experience.

9. Harriett J. Hickman, an associate at GCM, has 21 years of experience, four of which have been at GCM. Her hourly billing rate is $175.00 per hour. Defendants do not contest this hourly rate and this Court finds this rate to be reasonable in this community for Ms. Hickman's level of experience.

10. Counsel for Plaintiff, Douglas S. Lyons, has 36 years of experience practicing law. In the motion for attorney fees and costs, counsel states that Mr. Lyons' practice is concentrated on consumer fraud matters and automobile dealerships. The motion states that Mr. Lyons has brought scores of cases alleging similar causes of action including fraud, misrepresentation, violations of the Truth in Lending Act, the Florida Deceptive and Unfair Trade Practices Act, the Fair Credit Reporting Act, Federal and State Lease Disclosure Acts, and Federal and State Fair Debt Collection Practices Acts. However, this information is not included in Mr. Lyons' affidavit and supporting exhibits. In his affidavit, he states that his practice is devoted principally to complex litigation, primarily consumer class actions. [Doc. No. 12, Ex. 1]. Nowhere in his affidavit or the firm brochure that was attached as an exhibit to the

affidavit does Mr. Lyons state that his practice is concentrated on consumer fraud matters and automobile dealerships. The firm brochure states that Mr. Lyons' practice has a "special emphasis on insurance defense and plaintiff personal injury cases, including product liability and medical malpractice cases." *Id.* This concerns the Court and begs the question of what additional expertise Mr. Lyons actually brought to this case. Mr. Lyons' hourly fee in Florida is $400.00 per hour and he is asking that his fee in New Mexico be $350.00 per hour. Defendants argue that $350.00 is unreasonable and that his fees be awarded at the rate of $200.00 per hour. This Court finds $250.00 per hour to be reasonable in this community for Mr. Lyons' level of experience.

<u>Billing Judgment</u>

11.     As indicated above, this examination determines whether excessive, unnecessary, or redundant fees have been included in the application. This case was neither novel nor complex; it concerned one plaintiff suing two defendants for one transaction. It was not as straightforward as Defendants attempt to make it out to be, but neither was it as complex as Plaintiff argues.

12.     The Court notes several specific areas of concern with the billing. First, an inordinate amount of time was billed for counsel communicating with one another on the telephone, via e-mail and by written correspondence. Over 75 hours were billed for this task which totaled $22,412.50. GCM billed approximately 26.9 hours ($4,912.50). It appears that in excess of 50 hours ($17,500) was billed by Mr. Lyons. However, much of the billing done by Mr. Lyons was done as block billing and, therefore, it is impossible to determine exactly how much time was spent on individual tasks. In addition, Mr. Lyons often failed to describe what the telephone calls, e-mails, or correspondence were about. Counsel for the party claiming fees for conferences with co-counsel has the burden of proving its fee entitlement by presenting time records that show how billed hours were allotted to specific tasks. *Case v. Unified School Dist.,* 157 F.3d 1243 (10th Cir. 1998). The time billed by counsel for

communicating with one another is excessive and unreasonable. The amount billed for communicating with one another will be reduced to $10,000.

13. The next area examined are fees billed for researching and drafting the Complaint. Counsel billed 10.7 hours ($1,962.50) for doing research for the Complaint and 18.5 hours ($3,602.50) for drafting it. Mr. Lyons, who counsel argue was hired for his expertise in handling lawsuits against automobile dealerships, billed only 1.1 of these hours. Defendants are not typically required to pay for a plaintiff's attorney to educate themselves on the law. "Research into background cases and other attempts generally aimed at providing familiarization with an area of law should not be billed to the adversary, but rather should be absorbed in the attorney's overhead." *Dickerson v. City Bank & Trust Co.,* 590 F. Supp. 714, 718 (D.C. Kan. 1984). The amount billed by counsel in this case for research and drafting the Complaint is excessive. This Court will reduce the fees from $5,565.00 to $1,850.00 (two hours for research at $175/hr, six hours for drafting at $175/hr, one hour for drafting at $200/hr and one hour for drafting at $250/hr).

14. A similar area of concern is the time billed for preparation of written discovery to the defendants and responding to the written discovery propounded by defendants. Counsel billed 14.9 hours ($2,880.00) for preparation of discovery and 15.6 hours ($3,060.00) for responding to discovery requests. Mr. Lyons billed less than three hours of this time. This amount is excessive given the facts and nature of this case. The Court will reduce the fees from $5,940.00 to $2,350.00 (two hours at $175/hr and two hours at $250/hr for preparation of discovery; and six hours at $175/hr, one hour at $200/hr, and one hour at $250/hr for responding to discovery).

15. Included in the bills submitted by Mr. Lyons were two entries, one dated January 18, 2006, and the other dated January 19, 2006. These were block entries that included several tasks and it is impossible to tell how much time was spent on each task. This is typical of Mr. Lyons' bills in general.

However, it is clear that part of the time billed was spent on preparation of a Pro Hac Vice Affidavit and Certification. This time is not compensable. The total billed in the two entries is 2.1 hours ($735.00). As the records do not indicate how much time was spent on each task, the entire 2.1 hours will be disallowed.

16. Two mediations were held in this case. A total of 58.6 hours were billed -- 29.1 hours for the first mediation (5.5 hours ($1,007.50) for preparation of the mediation statement, 9.6 hours ($1,815.00) for preparation for the mediation, and 14 hours ($3,590.00) for attending the mediation); and 29.5 hours for the second mediation (8.8 hours ($1,660.00) for preparation of the mediation statement, 5.1 hours($997.50) for preparation for the mediation, and 15.6 hours ($4,030.00) for attending the mediation). Mr. Lyons attended the second mediation on the telephone and it is this Court's understanding that he also attended the first mediation by telephone. Fifty-four hundred dollars ($5,400.00) is an excessive amount for the preparation for two mediations. This amount will be reduced to $4,000.00. Likewise, $7,620.00 for attending the mediation is excessive and the Court does not think it was necessary to have three attorneys representing the plaintiff at the mediation conferences. Therefore, this amount will be reduced to $5,000.00.

17. The next area examined is having more than one attorney billing for a deposition or hearing. Ms. Hickman billed 11.3 hours ($1,977.50) for preparing for (including telephone conversations with Mr. Lyons) and taking the depositions Jasper Mangum and Janet Mangum, attending the deposition of Kevin Cannon, and analyzing the depositions. Mr. Lyons also billed 9.4 hours ($3,290.00) for listening in on the depositions of Mr. and Mrs. Mangum, taking the deposition of Kevin Cannon, and talking to Ms. Hickman and Mr. Mann about the depositions. Mr. Mann billed 1.4 hours ($350.00) to evaluate the deposition results and to talk with Mr. Lyons about them. Ms. Hickman billed 9.1 hours ($1,592.50) preparing for and attending the deposition of the Plaintiff and talking with and e-mailing Mr. Lyons

about the depositions. Mr. Lyons billed 7 hours ($2,450.00) preparing for and attending the same deposition, as well as talking with both Ms. Hickman and Mr. Mann about the deposition. Mr. Mann billed .7 hours ($175.00) for evaluating the deposition and talking with Mr. Lyons about it. Both Ms. Hickman and Mr. Mann billed for preparing for, traveling to and from Santa Fe, and attending a hearing. The total amount billed for the hearing was 13.7 hours ($2,907.50). Although the Court questions the need for multiple lawyers to attend the depositions and the hearings, the Court finds that the fees charged for these tasks are within reason and will not be reduced.

18. Finally, Plaintiff's attorneys billed 51.1 hours for preparation of their fee petition, including affidavits of all of the attorneys and of Phil Davis. Ms. Hickman billed 38.9 hours ($6,807.50), Mr. Mann billed 3.5 hours ($875.00) and Mr. Lyons billed 8.7 hours ($3,045.00) for a total of $10,727.50. Time expended for the preparation of the fee application is only partially compensable. *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1206 (10th Cir. 1986). The Court finds 51.1 hours excessive. The Court will reduce the fee to $5,363.75.

19. The fees disallowed thus far in this case total $29,871.25. The amount of fees originally submitted is $117,849.00; that total is now $87,977.75. The Court will now examine the reasonableness of that amount.

20. Plaintiff is entitled to an award of reasonable attorney fees and costs under both the Unfair Practices Act, NMSA 1978§57-12-10( C ), as well as the Credit Repair Organizations Act, 15 U.S.C.A. § 1679g(a)(3). Once a violation is proven, successful plaintiffs are entitled to recover their reasonable attorneys fees and costs. Attorneys are entitled to a reasonable recovery for taking these cases, many of which do not involve large amounts of money. By providing plaintiffs with remedies and counsel with compensation, the system works to keep excesses of consumer fraud at bay. That having been said,

neither statute was enacted to provide a windfall for attorneys. *Mann v. Reynolds,* 46 F.3d 1055, 1062 (10th Cir. 1995).

21. "Hours that are not properly billed to one's client also are not properly billed to one's adversary . . ." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *United Phosphorus, Ltd. V. Midland Fumigant, Inc.* 205 F.3d 1219, 1234 (10th Cir. 2000). This means not only unnecessary hours, it also means over-billing a case. Ms. Hickman did the large majority of the work on this case. An attorney with 21 years of experience who bills $175.00 per hour should not have had to expend so much time on this case, much less utilize the services of two other attorneys. This Court finds that this case was over-billed and over-worked. For example, in addition to the extraordinary amount of time billed by counsel for communicating with one another, an inordinate amount of time was billed for "analyzing," "evaluating," and "developing strategy." There was also an excessive amount of time billed for tasks that should not be handled by lawyers, such as scheduling. In addition, as noted above, Mr. Lyons block billed his time and often failed to describe his work with any detail. Not only was this Court unable to determine how much time was spent on particular tasks, but it was unable to determine just what was done and why. It is clear, however, that there was an unreasonable amount of duplicative work done by Mr. Lyons and Ms. Hickman.

22. This case required the attention of one lawyer, who could have expeditiously managed the case through discovery and mediation for far less than what was billed. Accordingly, the total fee award will be reduced to $60,000, excluding New Mexico gross receipts tax.

Costs and Expenses

23. GCM are requesting costs and expenses of $6,784.27, and Lyons and Farrar, P.C., are requesting costs and expenses of $289.28, for a total of $7,073.55. The costs and expenses claimed include filing fees, fax charges, long distance telephone charges, copying charges, court reporters' fees, and witness fees. Plaintiff's attorneys argues that these are expenses that are not normally absorbed as part of their overhead, but are normally billed to a private client. Defendants argues that these costs are excessive, particularly in light of the fact that this case did not go to trial. Approximately a quarter of the costs billed are for long distance telephone charges ($201.25), copy charges ($1,030.45), and charges for sending facsimiles ($289.00). The total for all of these charges is $1,520.70. This Court finds that the costs submitted for long distance telephone charges and charges for sending facsimiles are not allowable. The copying charges of $1,030.45 on a case that did not go to trial is excessive. The Court will allow $500.00.

24. The Court will not allow the charge of $250.00 that Mr. Lyons paid to the New Mexico State Bar and the expert witness fee paid to Philip Davis of $480.94. In addition, there was an expert witness fee for Tommy's Auto Body for an estimate of Plaintiff's vehicle in the amount of $464.36. The was another charge to Auto Damage Consultants for "inspection of the Pontiac" in the amount of $426.40. This Court will only allow one charge, the one for Tommy's Auto Body. The remaining costs submitted will be allowed. Plaintiff's attorneys are therefore awarded a total of $4,895.51 in costs.

## CONCLUSION

25. The Court recommends that the Plaintiff's Motion for Attorneys Fees and Costs be granted in part and denied in part, and that Plaintiff's attorneys be awarded $60,000.00 in fees and $4,625.96 in costs and expenses.

## NOTIFICATION

Case 1:07-cv-00545-BRB-ACT   Document 29   Filed 04/08/08   Page 10 of 10

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to U.S.C. § 636(b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**Alan C. Torgerson**
**UNITED STATES MAGISTRATE JUDGE**

10